*Court of Common Pleas, Dauphin County, October 20th, 1856.*

PEEBLES & CO. *v.* KERR.

When a man receives the money of another without any direct authority, no affidavit of defence is required in a suit for its recovery. The court will first see whether an affidavit of defence is required, and then look into the affidavit itself.

BY THE COURT.—The affidavit of defence filed in this case is clearly insufficient; but it has been suggested by the defendant's counsel that none is necessary, the case set forth in the plaintiff's narr and affidavit of the cause of action not coming within the rule of court. Our rule is an exact transcript of the various acts of Assembly passed on the same subject-matter, for regulating the practice within the city and county of Philadelphia, and several other counties of the State. Therefore we can avail ourselves of the decisions of the courts under those acts to ascertain the true construction of our rules; and in a matter of every-day practice uniformity of decision is highly important. The rule of court contemplates two principal classes of cases in which the affidavit is required. 1st. Where the debt is evidenced by a writing signed by the party to be charged, or by a matter of record. 2d. For the *loan or advance of money,* whether the same be reduced to writing or not, and for book debts. It has been decided by the Supreme Court that every case must come within the *letter* of the statute, or at least most clearly within its general scope and intention. And although it may come within the letter, yet if it does not come within the general policy, an affidavit is not required, as in the case of executors, administrators, guardians, and other trustees. The book debt must be of such a character as is the legal subject of an entry, and the copy filed must be taken from the original entries. The loan or advance of money must arise from direct dealings between the parties, such as the party suing can properly swear to, as a contract coming within his own knowledge, or that of the agent making the oath; and does not embrace the class in which one man receives the money of another, which in *equo et bona* he ought not to retain, and which therefore the law will imply he has contracted to pay over. It is not every case of assumpsit, express or implied, which comes within the

[Finney v. Finney et al., Executors of Finney.]

rule, but only where there is some *direct* dealings between plaintiff and defendant. This is evidenced by the whole scope of the decisions collected in Troubat & Haly's Practice, vol. 1, from 319 to 337, and the authorities there cited. From the affidavit filed here we cannot suppose that there was any direct dealings between the plaintiff and defendant; but on the contrary that the latter received money belonging to the former without any direct authority; but that they now recognize its coming into his hands lawfully, and require him to pay it over, as they properly may. The case does not come within the rule requiring an affidavit of defence, and therefore judgment is refused. We are aware that this to some extent conflicts with Philadelphia Savings Institution *v.* Smith (10 Barr, 13), where Gibson, C. J., says: "The court is not bound to look into the cause of action, but merely to the affidavit." But we cannot suppose that it was intended to establish the legal absurdity that a court could give judgment for want of a sufficient affidavit being filed in a case where none is required. We hold it to be the duty of the court to first examine the cause of action as filed, see that it comes within the class of cases requiring an affidavit of defence, and that the plaintiff has complied with the rules of court, and then look into the affidavit of defence. The plaintiff must make out his case according to law before the defendant can be called on to answer.

*McCormick, for plaintiff.*

*Alricks, for defendant.*